UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KIMBERLY SUE KRAEMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:14-cv-170 |
| ) | |
| UNITED PARCEL SERVICE, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is a filing by *pro se* Plaintiff Kimberly Sue Kraemer, requesting that this Court "appoint her an attorney of her choice" in this case in which she alleges a hostile work environment and retaliation under Title VII, among other claims. (Docket # 28 at 17; Docket # 44 at 17.)[1] Because Kraemer is competent to litigate her claims herself, the motion will be DENIED.

## LEGAL STANDARD

"There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 656-57 (7th Cir. 2007)). A court may, however, request that an attorney represent an indigent litigant pursuant to 28 U.S.C. § 1915(e)(1), or in Title VII cases, "in such circumstances as the court may deem just," 42 U.S.C. § 2000e-5(f)(1). The decision whether to request pro bono counsel is left to the discretion of the district court. *Olson*, 750 F.3d at 711; *Pruitt,* 503 F.3d at 658.

---

[1] Both of Kraemer's filings are extensive, but only a small portion of each mentions her request for appointed counsel. In the future, Kraemer is to note that under Local Rule 7-1(a), "[m]otions must be filed separately . . . ."

"In deciding whether to request counsel, district courts must ask two questions: '(1) [H]as the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it [her]self?'" *Olson*, 750 F.3d at 711 (quoting *Pruitt,* 503 F.3d at 654). The second portion of this inquiry, stated another way, is "whether the difficulty of the case–factually and legally–exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [her]self." *Olson*, 750 F.3d at 712 (quoting *Pruitt*, 503 F.3d at 655). In conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655 (emphasis omitted).

Normally, determining a plaintiff's competence will be assessed by considering "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Id.* And if the record reveals the plaintiff's intellectual capacity and psychological history, these too would be relevant. *Id.* Overall, the decision to recruit counsel is a "practical one, made in light of whatever relevant evidence is available on the question." *Id.*

## ANALYSIS

To begin, there is no evidence that Kraemer attempted to secure counsel to represent her in the instant case. Therefore, she fails to satisfy the threshold requirement concerning a request for recruitment of counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented [her] from doing so), the court should deny any § 1915(d) motions

outright."); *see also Romanelli v. Suliene*, 615 F.3d 847, 851-52 (7th Cir. 2010).

But even if she had satisfied this threshold requirement, it is evident that Kraemer is competent to represent herself in this matter. Her primary claim is relatively straightforward: Kraemer alleges that her former employer, United Parcel Service, maintained a hostile work environment and retaliated against her when it terminated her employment. *See, e.g.*, *Jagla v. LaSalle Bank*, No. 05 C 6460, 2006 WL 1005728, at *5 (N.D. Ill. Apr. 12, 2006) (denying plaintiff's request for counsel in a straightforward national origin discrimination case, observing that the issue did not involve any "nonintuitive procedural requirements applied in a setting of complex legal doctrine" (quoting *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 429 (7th Cir. 1991))). Kraemer also advances claims against a law firm and certain insurance companies arising from an unrelated auto accident, and claims against the Grant County Sheriff's Department and certain animal rights organizations due to purported harassment about the treatment of animals. (Docket # 5, 11.) To a major degree, the facts of this case are within Kraemer's particular knowledge; thus the task of any discovery, if necessary, is apt to be quite limited and certainly not insurmountable.

Furthermore, Kraemer has already comprehensively articulated her claims in this case (Docket # 5), filed responses to the Court's orders and Defendants' filings (Docket # 28, 44, 45), and sought relief through a motion (Docket # 46). Consequently, it is clear that Kraemer is literate and has adequate communication skills, at least for purposes of representing herself. *Cf. Henderson v. Ghosh*, __ F.3d __, 2014 WL 2757473, at *7 (7th Cir. June 18, 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education). In fact, Kraemer represents in her complaint that she

3

is highly involved in public advocacy concerning animal research and the right to own property, which is further evidence of her ability to research, communicate, and advocate. (Docket # 5 at 5; Docket # 45 at 7-8.)

Moreover, Kraemer is not incarcerated, and thus, has the freedom and ability to perform her own legal research. Indeed, her filings include extensive legal argument and incorporate legal citations. Thus, Kraemer has already performed some legal research and is fully capable of articulating her legal position.

Considering the foregoing, Kraemer appears competent to adequately handle the litigation of this case advancing violations of federal employment law, as well as various other claims. Consequently, her motion asking that the Court recruit counsel for her will be denied.

## CONCLUSION

For the reasons stated herein, Plaintiff's motion asking that this Court recruit an attorney to represent her (Docket # 28 at 17; Docket # 44 at 17) is DENIED. Plaintiff is, of course, free to attempt to secure counsel on her own.

SO ORDERED.

Enter for this 25th day of June, 2014.

S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge