UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KIMBERLY SUE KRAEMER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:14-cv-170 |
| UNITED PARCEL SERVICE, et al., | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

On June 25, 2014, the Court denied *pro se* Plaintiff Kimberly Sue Kraemer's request for counsel in this Title VII case, finding that Kraemer had failed to contact at least three attorneys about her case, and, even if she had, she was competent to litigate it herself. (Docket # 62.) Now before the Court is Kraemer's second motion for the recruitment of counsel. (Docket # 89.)

To be clear, since Kraemer's initial request for counsel was denied, the Court has no obligation to revisit the issue. *See Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (explaining that although the court has the discretion to reconsider a request for counsel, it has no obligation to do so).

But even if it did revisit the matter, Kraemer has nothing new to share about why she allegedly cannot respond to Defendants' motions to dismiss, other than to point out she has contacted several attorneys who failed to take her case. Of course, this is an indication that her case may have little merit and that appointing counsel will not make a difference in the case's ultimate outcome. *See Jackson v. Cnty. of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992) (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel). To the extent that Kraemer now suggests she must have counsel because she

does not have the abilities to prosecute her claims, that contention is rejected for the reasons previously stated in the Court's June 25, 2014, Order. Consequently, Kraemer's second motion for the recruitment of counsel (Docket # 89) is DENIED.

SO ORDERED.

Enter for this 7th day of July, 2014.

S/ Roger B. Cosbey<br>
Roger B. Cosbey,<br>
United States Magistrate Judge