UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KIMBERLY SUE KRAEMER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) Case No. 1:14-CV-170 |
| UNITED PARCEL SERVICE, et al., | ) |
| Defendants. | ) |

## OPINION and ORDER

*Pro se* Plaintiff has filed a "Motion for the Court to Order McNeely Stephenson Thopy and Harrold to Answer Interrogatories/Discovery Filed on June 2, 2014," asking that the Court compel Defendant Law Offices of McNeely Stephenson Thopy and Harrold to answer certain discovery "submitted almost a year ago in which they were Court ordered to [a]nswer." (Docket # 129.)

But Plaintiff's motion to compel is premature. A preliminary pretrial conference has yet to occur in this case, and discovery has not even commenced. *See* Fed. R. Civ. P. 26(d) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.").

And even if discovery had commenced, Plaintiff failed to "include a certification that [she] has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1); *see* N.D. Ind. L.R. 37-1(a) ("A party filing any discovery motion must file a separate

certification that the party has conferred in good faith or attempted to confer with other affected parties in an effort to resolve the matter raised in the motion without court action.").

Furthermore, there is no discovery dated June 2, 2014, of record. Nor does Plaintiff attach the purported discovery requests to her motion. *See* N.D. Ind. L.R. 26-2(b) ("A party who files a motion for relief under Fed. R. Civ. P. 26(c) or 37 must file with the motion those parts of the discovery requests or responses that the motion pertains to."). Accordingly, the Court suspects that Plaintiff is referring to discovery she requested from Defendant in a state case concerning an unrelated auto accident. (*See* Docket # 11 at 1.) This Court, however, has no jurisdiction over discovery ongoing in a state court case. (*See* Docket # 50 at 1, 101 at 1.)

For all of these reasons, Plaintiff's motion to compel (Docket # 129) is DENIED.

SO ORDERED.

Dated: August 5, 2014            s/Roger B. Cosbey
                                 Roger B. Cosbey
                                 United States District Court