UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KIMBERLY SUE KRAEMER, | ) | |
| --- | --- | --- |
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 1:14-CV-170 |
| UNITED PARCEL SERVICE, *et al.*, | ) | |
| Defendants | ) | |

OPINION AND ORDER

Kimberly Kraemer filed a *pro se* complaint in state court asserting a variety of claims against multiple defendants. United Parcel Service and the Equal Employment Opportunity Commission removed the case to federal court under 28 U.S.C. §§ 1331 and 1442, contending that consent of the eight remaining defendants wasn't necessary because the claims against them didn't arise under federal law or invoke supplemental jurisdiction. Magistrate Judge Cosbey agreed and directed the parties to show cause why the claims against the "non-joining defendants" – William Richards PC, the Law Offices of McNeeley Stephensen, Thopy, and Harrold, Haulers Insurance Company, Indiana Farm Bureau, the American Society for the Prevention of Cruelty to Animals, the Humane Society of the United States, the American Kennel Club, Inc., and the Grant County Sheriff's

1

Department – shouldn't be severed and remanded to the Grant County Circuit Court under 28 U.S.C. § 1441(c)(2).[1]

Ms. Kraemer's response to that order generated a flood of filings, including the ten motions to dismiss and eleven miscellaneous motions now before the court. For the reasons that follow, the court grants the motions to dismiss by defendants UPS and the EEOC, severs the claims against the non-joining defendants, and denies the remaining motions as moot.

I. BACKGROUND

Ms. Kraemer's complaint contains multiple "allegations" of alleged wrongdoing by the defendants, a lengthy and disjointed "explanation" of those allegations, and 150 pages of random documents, but provides little or no insight into the legal basis of the claims she asserts. Briefly summarized, Ms. Kraemer alleges that:

> 1. McNeeley, Stephenson, Thopy & Harrold, Brett Haacker, and Scott Richards (attorneys for Indiana Farm Bureau and Haulers Insurance Company) brought a "fraudulent insurance case" against her after an automobile accident in March 2012, "conspired … to prevent the drivers involved in the accident from testifying …", and engaged in conduct that

---

[1] Ms. Kraemer and five of the non-joining defendants (the AKC, ASPCA, Humane Society, Haulers Insurance Company, and the Grant County Sheriff's Department) responded to the show cause order.

2

violated the professional standards of ethical conduct and the "law" during the course of that litigation. (Allegations 1 and 9; Explanation of Allegations).

2. UPS "improperly and unlawfully" retaliated against her and terminated her employment in February 2011, after she complained about being sexually harassed, stalked, and discriminated against by a male supervisor, and "perpetrated a fraud ... by placing her in an 'Employee Dispute Resolution Program' ... in an attempt to dissuade Ms. Kraemer from filing charges against UPS." (Allegations 2-5, 8, 12, 14-18; Explanation of Allegations).

3. "One or more attorneys provided improper and unethical legal advice to [UPS], which advice resulted in retaliatory action being initiated against [Ms. Kraemer]," and violated her "Equal Employment Opportunity Rights". (Allegation 7)

4. The EEOC failed to investigate her complaint against UPS. (Allegation 10).

5. The Grant County Sheriff's Department refused to investigate her complaints of "harassment, stalking, and death treats". (Allegations 6 and 19).

6. "Through the use of legal means, United Parcel Service, Mr. Brett Haacker and his law firm [McNeeley, Stephenson, Thopy, and Harrold], ...

Indiana Farm Bureau Insurance, [and] the American Society for the Prevention of Cruelty to Animals (ASPCA) ... perpetrated 'legal harassment' and 'legal stalking' of [Ms.] Kraemer." (Allegation 11).

    7. UPS conspired with the ASPCA, Humane Society of the United States, and "insurance companies" to pass laws that "prevent citizens from owning property including animals", to "defeat animal laws that benefit United Parcel Service", and to "harass" and "target" Ms. Kraemer and other animal rights advocates and breeders because they "attack[] [their] propaganda." (Allegation 13; Explanation of Allegations).

    8. The AKC and "some of its members" harassed Ms. Kraemer, "attack[ed] [her] mother by trying to revoke her dog's registration status", and, in 2008, aided a third party "in stealing intellectual property" – information contained in an article published by an unidentified English scientist. (Allegation 20; Explanation of Allegations).

The employment-related claims against UPS and the EEOC were properly removed under 28 U.S.C. §§ 1441(c)(1)(A) and 1442(a)(1). As Magistrate Judge Cosbey noted, the remaining claims don't appear to be federal claims or to form part of the same case or controversy as the claims against UPS and the EEOC. Judge Cosbey ordered the parties to show cause why the claims against the non-joining defendants shouldn't be severed and remanded to the Grant County Circuit Court [Doc. No. 11].

In her response, Ms. Kraemer argued that the defendants were involved in a "conspiracy to harass" and that their actions alone and together violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, the Lobbying Disclosure Act of 1995, 2 U.S.C. § 1601, the Animal Enterprise Terrorism Act, 18 U.S.C. § 43, the First Amendment, and various other federal laws and regulations. She concludes that the claims are related and that the court should retain jurisdiction over the entire matter.

The AKC, ASPCA, and Humane Society agree that the court has jurisdiction, but for different reasons. The AKC surmises that the complaint could be read to allege a claim for copyright infringement because Indiana law doesn't recognize a claim for "theft of intellectual property" (the language in the complaint), and that the court would have original and exclusive jurisdiction over that claim under 28 U.S.C. § 1338(a). It also contends that the court would have supplemental jurisdiction because the complaint alleges that the defendants engaged in a "conspiracy to harass" the plaintiff. The ASPCA and Humane Society take it a step further, arguing that the court has original and supplemental jurisdiction over the claims asserted against them because the complaint and subsequent filings (Ms. Kraemer's response to the show cause order) allege violations of numerous federal statutes, the First Amendment, and federal regulations, as well as a "conspiracy to harass." All three defendants filed motions to dismiss under Fed. R. Civ. P. 12(b)(6) [Doc. Nos. 19, 63, and 86].

Haulers Insurance Company and the Grant County Sheriff's Department conceded in their responses to the show cause order that the claims against them weren't related to the federal claims against UPS and the EEOC and should be severed and remanded, but they filed motions to dismiss [Doc. Nos. 68 and 80] after Ms. Kraemer asserted that federal laws had been violated.

Indiana Farm Bureau, the Law Offices of McNeely, Stephenson, Thopy & Harrold, and William R. Richards, P.C. followed with their own motions to dismiss [Doc. Nos. 77, 78, and 82].

## II. DISCUSSION

### A. *The Motions to Dismiss UPS and the EEOC*

The exercise of supplemental jurisdiction is a matter of discretion, not a matter of right, and can be declined for a variety of reasons, including dismissal of all claims over which the court has original jurisdiction. *See* 28 U.S.C. § 1367(a) and (c); City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-73 (1997). It's generally undisputed that the court has original jurisdiction over the claims asserted against UPS and the EEOC, so discussion should begin with the motions to dismiss those claims.

When considering a Rule 12(b)(6) motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded facts as true, and draw all inferences in her favor. Reynolds v. CB

Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atlantic Corp. v. Twombly, 550 U.S. at 555 (the allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.").

Mindful of her *pro se* status, the court reads Ms. Kraemer's pleadings and filings liberally, *see* Donald v. Cook County Sheriff's Dept., 95 F.3d 548, 555 (7th Cir. 1996); Hudson v. McHugh, 148 F.3d 859, 864 (7th Cir. 1998) ("The essence of liberal construction is to give a pro se plaintiff a break when, although [s]he

7

stumbles on a technicality, [her] pleading is otherwise understandable."), but finds them factually and legally deficient.

"A civil action alleging a Title VII violation must be filed within 90 days of receiving a right-to-sue notice from the EEOC. 42 U.S.C. § 2000e-5(f)(1)." Threadgill v. Moore U.S.A., Inc., 269 F.3d 848 (7th Cir. 2001). The right-to-sue notice attached to Ms. Kraemer's complaint was dated April 29, 2011, and shows that her charge against UPS was dismissed. Ms. Kraemer waited more than three years to file the present action against UPS, and hasn't provided a viable basis for tolling the 90 day period. Her employment-related claims against UPS are time barred.

Ms. Kraemer's related claim against the EEOC for its alleged failure to investigate her charges against UPS fails as a matter of law, and must be dismissed. "It is well established that a private-sector employee has no cause of action against the EEOC for its failure to process a charge of discrimination." Jordan v. Summers, 205 F.3d 337, 342 (7th Cir. 2000); *see also* McCottrell v. EEOC, 726 F.2d 350, 351 (7th Cir. 1984).

B. *Severance of the Remaining Claims*

As a general rule, jurisdiction is determined at the time of removal and nothing filed after a notice of removal affects the court's jurisdiction. St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938); In re Burlington

N. Santa Fe Ry. Co., 606 F.3d 379, 380-81 (7th Cir. 2010); In re Shell Oil, 970 F.2d 355, 356 (7th Cir. 1992) (per curiam). "[T]hough it is sometimes possible for a plaintiff who sues in federal court to amend away jurisdiction, removal cases present concerns about forum manipulation that counsel against allowing a plaintiff's post-removal amendments to affect jurisdiction." In re Burlington N. Santa Fe Ry. Co., 606 F.3d at 381.  *See also* Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473-474 and n. 6 (2007)).

Ms. Kraemer's response to the show cause order and subsequent filings show a clear desire to remain in federal court, but she can't amend her complaint by asserting new factual allegations and legal theories in response to the motions to dismiss. Agnew v. Nat'l Collegiate Athletic Assn., 683 F.3d 328, 348 (7th Cir. 2012); Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1107 (7th Cir. 1984). Even if she could, Ms. Kraemer hasn't alleged any facts that would support her federal claims and "would allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (the allegations "must be enough to raise a right to relief above the speculative level" and give the defendant fair notice of the claims being asserted and the grounds upon which they rest). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010) ("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.")

9

Ms. Kraemer's claims involve three separate and distinct events: the termination of her employment in February 2011, an automobile accident in March 2012, and purported harassment and "stalking" related to Ms. Kraemer's involvement in animal rights issues. The claims against McNeeley, Stephenson, Thopy and Harrold, William Richards PC, Indiana Farm Bureau, and Haulers Insurance arise out of litigation related to an automobile accident that occurred more than a year after the termination of Ms. Kraemer's employment and have no relationship to her past employment or to the EEOC's alleged failure to investigate Ms. Kraemer's claims of sexual harassment and discrimination. The claims against the AKC, ASPCA, and Humane Society appear to involve alleged acts of harassment relating to Ms. Kraemer's advocacy for animal rights, while the claims against the Grant County Sheriff's Department involve the Department's alleged failure to investigate Ms. Kraemer's claims of harassment and threats dating back to 2008.

The only common thread between those claims and the federal claims asserted against UPS and the EEOC appears to be Ms. Kraemer's conclusory assertion that McNeeley, Stephenson, Thopy & Harrold, Indiana Farm Bureau, and the ASPCA "conspired" with UPS to "perpetrate[] 'legal harassment' and 'legal stalking'." The complaint has no factual allegations that would support such a claim or show that the remaining claims asserted against the non-joining

defendants "form part of the same case or controversy" as the federal claims against UPS and the EEOC.

To the extent the complaint could be read to allege that the AKC engaged in conduct that violated federal copyright laws it is factually and legally insufficient. The plaintiff must be the legal or beneficial owner of a copyright to state a claim for which relief can be granted under the Copyright Act. *See* 17 U.S.C. § 501(b); Hyperquest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 381 (7th Cir. 2011). Ms. Kraemer hasn't alleged any facts from which the court could find or infer that she is the legal or beneficial owner of the copyright that was allegedly appropriated.

The non-employment claims against the non-joining defendants aren't within the court's original or supplemental jurisdiction and so must be severed and remand to the state court from which the action was removed. 28 U.S.C. § 1441(c)(2).

C. *Miscellaneous Motions*

Ms. Kraemer filed eleven motions seeking, among other things, to add the President of the United States as a party, to remove yet another unrelated state court case to federal court, to enjoin the Humane Society, ASPCA, and United States Department of Agriculture from violating the copyright laws, to enter judgment against Scott Richards and William R. Richards, P.C., and to sanction

various defendants under Fed. R. Civ. P. 11(b). In light of the foregoing, those motions [Doc. Nos. 61, 70, 72, 106, 108, 109, 112, 120, 140, 141, and 143] and the non-joining defendants' motions to dismiss [Doc. Nos. 19, 63, 68, 77, 78, 80, 82, and 86] are denied as moot.

### III. CONCLUSION

For the foregoing reasons, the court:

(1) GRANTS the motions to dismiss by UPS and the EEOC [Doc. Nos. [57 and 84];

(2) SEVERS AND REMANDS the remaining claims against defendants William Richards PC, the Law Offices of McNeeley Stephensen, Thopy, and Harrold, Haulers Insurance Company, Indiana Farm Bureau, the American Society for the Prevention of Cruelty to Animals, the Humane Society of the United States, the American Kennel Club, Inc., and the Grant County Sheriff's Department to the Grant County Circuit Court; and

(3) DENIES all remaining motions [Doc. Nos. 19, 61, 63, 68, 70, 72, 77, 78, 80, 82, 86, 106, 108, 109, 112, 120, 140, 141, and 143] as moot.

SO ORDERED.

ENTERED:   March 26, 2015   

/s/ Robert L. Miller, Jr.
Judge

United States District Court